J-S72023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MILO LAWRENCE ALRED, SR., | : | |
| | : | |
| Appellant | : | No. 556 WDA 2014 |

Appeal from the Judgment of Sentence Entered February 25, 2014,
In the Court of Common Pleas of Erie County,
Criminal Division, at No. CP-25-CR-0001774-2013.

BEFORE:  BENDER, P.J.E., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SHOGAN, J.:                    **FILED JANUARY 30, 2015**

Appellant, Milo Lawrence Alred, Sr., appeals from the judgment of

sentence entered in the Court of Common Pleas of Erie County on

February 25, 2014, following a jury trial.  We affirm.

The trial court summarized the facts of the crime as follows:

Between April 16, 2004 and November of 2009, Appellant
raped and/or sexually assaulted the victim, E.P., . . . a child
between the ages of 10 and 14 at the time of the assaults.  The
victim's mother abandoned the victim and her younger siblings,
D.H. and K.H.  When the victim was six years old, the mother
placed the children in the care of Appellant and his wife.
Appellant and his wife were the parents of the mother's ex-
boyfriend.

The victim and her siblings resided with Appellant and his
wife until she was fourteen years old.  The children were told to
call Appellant and his wife "Dad" and "Mom."  The children were
removed from the Alred residence in November of 2009 by the

---

[*] Retired Senior Judge assigned to the Superior Court.

Erie County Office of Children and Youth after reports by the children of physical abuse including beatings with cords, belts, a cane, and kitchen utensils, punches leaving bruises and being thrown into the refrigerator hard enough to leave a dent.

The victim and/or her siblings had contacted the Erie County Office of Children and Youth twenty times over the years to report the physical abuse. *Trial Transcript, Day 2, November 14, 2013, p. 60*. By the time the caseworkers arrived to investigate the reports, the bruises were healed and/or the children were interviewed when the Alreds were present in the home. The children had lived at numerous addresses with the Alreds until the time of their removal.

After removal from the Alred home and after working with a therapist, the victim disclosed the sexual abuse by the Appellant.

Trial Court Opinion, 5/29/14, at 1–2.

Appellant was charged with one count each of aggravated indecent assault of a child, corruption of minors, endangering the welfare of children, rape, and rape of a child; two counts of involuntary deviate sexual intercourse ("IDSI"); and four counts of indecent assault. Following a jury trial that began on November 13, 2013, Appellant was found guilty of all charges. On February 25, 2014, Appellant was sentenced to an aggregate term of incarceration of twenty to forty years followed by a term of probation.

On March 7, 2014, Appellant filed a post-sentence motion requesting a new trial and alleging that the verdict was against the weight of the evidence. Appellant also filed a motion for reconsideration of sentence,

claiming the imposition of consecutive sentences was manifestly excessive and clearly unreasonable. The trial court denied the motions on March 7, 2014. On April 4, 2014, Appellant filed a notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following two issues on appeal:

The verdict in this case was against the weight of the evidence in that the Commonwealth's primary witness, the victim, had a motive to fabricate the charges in this case[.]

The sentence in this case was manifestly excessive and clearly unreasonable, especially considering the defendant's history of mental retardation and mental health issues.

Appellant's Brief at 2 (full capitalization omitted).

Appellant first challenges the weight of the evidence supporting the verdict, contending that the jury verdict shocks the conscience. In support, he underscores that the victim did not report the sexual abuse until after reporting the physical abuse and was removed from his home. Appellant's Brief at 10. He suggests that the testimony in this case "supported the possibility [the victim] fabricated these allegations." *Id*. at 11.

Appellant fails to cite to the record in support of his broad allegations and fails to cite any case law. In **Commonwealth v. Samuel**, 102 A.3d 1001 (Pa. Super. 2014), we recently held that an issue was waived because it was undeveloped and the appellant failed to cite relevant law. We stated:

The only case law . . . cite[d] in support of this claim is the standard of review . . . . Again, we will not comb the record for

the facts in support of [a] claim and we will not develop arguments on [the appellant's] behalf. This issue is waived. Mulholland, 702 A.2d at 1034 n.5; Gould, 912 A.2d at 873.

*Id*. at 1005 (citing *Commonwealth v. Mulholland*, 702 A.2d 1027, 1034 n.5 (Pa. 1997)), and *Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa. Super. 2006)). Thus, while we could find this issue waived, we consider the merits.

The trial court will award a new trial only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice. *Commonwealth v. Diggs*, 949 A.2d 873 (Pa. 2008). "In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will be granted only where the facts and inferences of record disclose a palpable abuse of discretion." *Id*. at 879. Thus, "the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." *Commonwealth v. Rivera*, 983 A.2d 1211, 1225 (Pa. 2009).

We have stated:

When a trial court denies a weight-of-the-evidence motion, and when an appellant then appeals that ruling to this Court, our review is limited. It is important to understand we do not reach the underlying question of whether the verdict was, in fact, against the weight of the evidence. We do not decide how we would have ruled on the motion and then simply replace our own judgment for that of the trial court. Instead, this Court determines whether the trial court abused its discretion in reaching whatever decision it made on the motion, whether or

-4-

not that decision is the one we might have made in the first instance.

***Commonwealth v. Ferguson***, \_\_\_ A.3d \_\_\_, \_\_\_, 2015 PA Super 1, \*5, (Pa. Super. 2015) (filed January 5, 2015).

The trial court noted that Appellant failed to indicate in his Rule 1925(b) statement why the verdict was against the weight of the evidence and failed to identify how the testimony and evidence of record exonerated him. Thus, it determined that the issue was waived. Trial Court Opinion, 5/29/14, at 4. In the alternative, it addressed the issue and concluded that the claim lacked merit. ***Id***. While the trial court, at times, mistakenly focused on principles related to the sufficiency of the evidence, it adequately supported its decision concerning the weight of the evidence, as follows:

> Appellant's claim is directed entirely to the credibility of the witnesses, and, as such, challenges the weight and not the sufficiency of the evidence. A weight of the evidence review includes an assessment of the credibility of the testimony offered by the Commonwealth. *Com. v. Wilson*, 825 A.2d 710 (Pa. Super. 2003); *Com. v. Brown*, 538 Pa. 410, 438, 648 A.2d 1177, 1191 (1994).

> In determining the weight of evidence at trial, the finder of fact is free to believe all, part or none of the evidence presented and determines the credibility of the witnesses. *Com. v. Boyd*, 73 A.3d 1269, 1274 (Pa. Super. 2013); *Com. v. Marks*, 704 A.2d 1095, 1098 (Pa. Super. 1997).

> \* \* \*

> The victim testified to forced digital penetration, penile vaginal and anal penetration, oral sex, watching pornographic movies and having her genitals photographed. The victim was

threatened with physical harm to herself and her siblings if she disclosed the abuse. Jury Transcript, Day 1, November 13, 2013 ("*TT. Day 1*"), *pp. 30—94.*

The victim testified to all the children being beaten with Appellant's hands, belt, kitchen utensils and a cane about her face, arms, buttocks, chest and back. *T.T. Day 1, p. 35*. All three children had their heads hit against the refrigerator. *T.T. Day 1, p. 36*. Her brother was stomped on and punched in the face causing the glass on Appellant's watch to break off in the boy's eye. *T.T. Day 1, p. 36*.

\* \* \*

Thereafter, the victim and Appellant were in the living room. He had pulled her pants down and digitally penetrated her inner labia. Appellant took pictures of her vagina and showed her the pictures afterwards. *T.T. Day 1, 41*. Appellant would have the victim "dry hump" him while they were fully clothed. *T.T Day 1, p. 42*. Appellant would have the victim touch his penis with her hands. *T.T. Day 1, p. 47*.

Trial Court Opinion, 5/29/14, at 4–5, 7–8. The trial court explained that eventually, Appellant proceeded to force oral and vaginal intercourse. N.T., 11/13/13, at 45–50. When the victim was twelve years old, the family moved to a different residence where the victim had her own bedroom. She testified that Appellant's wife "had her leg amputated so she was in a wheelchair" and was unable to go to the second floor bedrooms. *Id*. at 56. It was then that Appellant anally raped the child. *Id*. The victim testified that Appellant threatened on multiple occasions to kill her and her siblings, and in fact, beat her and her siblings a myriad of times. *Id*. at 30–94.

Appellant implies significance to the fact that the victim failed to tell Appellant's wife or anyone else about the sexual assaults until the victim and her siblings were removed from the home. At trial, the victim testified that she did not tell Appellant's wife because she "didn't trust her." N.T., 11/13/13, at 54. The victim testified that her fear of Appellant kept her from disclosing the sexual abuse. *Id*. at 67.

Jared Miller, a Children and Youth caseworker, testified that he removed the children from the home on November 10, 2009. N.T., 11/14/13, at 53–55. The victim testified that Mr. Miller told her there was a chance she would have to return to Appellant's home, and she was afraid if she disclosed the sexual abuse she "was probably going to get beaten to death." N.T., 11/13/13, at 67. Finally, at a dispositional hearing on December 16, 2009, the juvenile court recommended "permanent legal custodianship, guardianship or placement intended to be permanent in nature. It was not to return home." N.T., 11/14/13, at 57. The victim testified that after that hearing, she understood "that I wouldn't ever have to go back to live with" Appellant. N.T., 11/13/13, at 68. Her disclosure occurred thereafter. *Id*. at 68–69.

These facts contradict Appellant's assertion that the victim's disclosure was in retaliation for his beatings. Rather, the victim finally felt safe enough to disclose the horrific abuse at Appellant's hands, and the jury accepted and

credited this testimony. Thus, we rely on the trial court's conclusion that the claim, if addressed on the merits, did not shock one's sense of justice. The jury obviously agreed. The trial court did not abuse its discretion in denying this weight-of-the-evidence claim.

Appellant's second issue assails the sentence imposed, contending it was excessive and unreasonable. Appellant's Brief at 12. Such a claim challenges the discretionary aspects of the sentence, which is not an appeal as of right. *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013). Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. To make that determination, we consider the following four factors:

> 1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Samuel*, 102 A.3d at 1006–1007 (citing *Griffin*, 65 A.3d at 935).

Here, Appellant timely filed his notice of appeal, preserved the issue in his post-sentence motion, and included a statement pursuant to Pa.R.A.P. 2119(f) in his appellate brief. In his Rule 2119(f) statement, Appellant asserts that the sentence was "manifestly excessive in that it was not individualized." Appellant's Brief at 8. He further contends that the trial

court "failed to take into consideration his 'significant defects' and his past history of mental health issues." *Id*. at 9. Essentially, this is a claim that his sentence is excessive and that the trial court erred by not considering mitigating factors. "[T]his Court has held that an excessive sentence claim— in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." *Samuel*, 102 A.3d at 1007 (citing *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014)). Thus, we consider the merits of this claim.

At sentencing, the trial court explained as follows:

THE COURT: I have listened to the evidence presented here today. I've read the Presentence Report in its entirety including the sentencing guidelines. I'm very familiar with this case having presided over the jury trial. I have now read the letter from the victim in this case. I've also read the psychological.

I've also considered your prior criminal history, Mr. Alred. And while I recognize and accept the representation that you intellectually or cognitively you are functioning at a lower level, you clearly know right from wrong. You clearly know that it's wrong to do what you did in this case. And that's manifested by the statements and the force that you used to accomplish it. But the manner in which you tried to coerce or intimidate the victim into not reporting it and to cover up what you were doing wrong and - - which is a manifestation of your guilty knowledge.

I would echo this point from the Commonwealth, that, unfortunately for the victim, she was placed in your care and in your trust by a mother who basically was abandoning her, and so she was victimized of sorts by that conduct, which - - for which I don't fault you, Mr. Alred. In fact, you were willing to take the child into your home speaks in your favor. But knowing that the child's background and history to that extent and then to revictimize her in one of the most egregious ways over an

-9-

extended period of time involving a variety of forms of force and sexual behavior is just unacceptable, uncivilized, and certainly creates a risk of harm to other young children in our community.

I note that your prior conviction for corruption of minors was the corruption - - was of a sexual nature and that you were given access to help at that time, that was in 1991, and you had to be revoked twice from that sentence for noncompliance. You were given the benefit of sexual offender counseling and, nonetheless, you continued in the most egregious way to victimize this child.

And while I understand the technical point, [defense counsel's] point that there's only one victim here, there's only one victim of sexual conduct, but, as you know, Mr. Alred, her siblings observed what occurred in this case and obviously there's some trauma to them.

I certainly understand the trauma to the victim. In her letter she starts off by saying, "Milo Alred has permanently damaged my life emotionally and socially. It is very difficult for me to carry on a normal life. I am not confident in myself, extremely low goals for myself and have trouble socializing with people at my own level." And that is certainly understandable given the nature of what occurred in this case.

When I look at the guidelines and all the various offenses in this case, what strikes me is just all the different types of ways you violated this child. And there are separate guidelines to address each of those . . . .

N.T. (Sentencing), 2/25/14, at 16–19.

The trial court specifically stated on the record its reliance on the presentence report, Appellant's background, mental health issues and low cognitive functioning, prior criminal conduct, the significant impact on the victim, Appellant's violation of his position of trust in relation to the victim, and the severity, scope, and duration of abuse inflicted upon the victim. A

trial court is required to state the reasons for the sentence it imposes on the record, *see* 42 Pa.C.S.A. § 9781(b), and the record herein reveals that the trial court adequately explained the reasons for the sentence it imposed. Contrary to Appellant's claim, the court considered **all** of the factors present. There is no merit to the issue.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/30/2015